CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
May 03, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
   DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **JONATHAN O. BARBOUR,** | )<br>) |
| Petitioner, | )  Case No. 7:24CV00125<br>) |
| v. | )  **OPINION**<br>) |
| **COMMONWEALTH OF VIRGINIA,** | )  JUDGE JAMES P. JONES<br>) |
| Respondent. | )<br>) |

*Jonathan O. Barbour, Pro Se Petitioner.*

The petitioner, a Virginia inmate proceeding pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his confinement under a state court criminal judgment. The court notified Barbour that his § 2254 petition appeared to be untimely filed and granted him an opportunity to provide any additional evidence on timeliness. He did so. After review of the record, I conclude that the petition is properly dismissed as untimely filed.

According to Barbour's petition and state court records available online, he was charged in the Circuit Court for the City of Danville, Virginia, with Forcible Sodomy, three counts of Aggravated Sexual Battery, and one count of Attempted Aggravated Sexual Battery. At a bench trial on August 20, 2013, the court found Barbour not guilty of the latter charge, but guilty of the other four offenses. After a hearing on November 19, 2013, the court sentenced Barbour to life in prison for

Forcible Sodomy and to ten years in prison on each of the Aggravated Sexual Battery offenses, these sentences to be served consecutively to all others. Barbour's criminal appeals to the Court of Appeals of Virginia and the Supreme Court of Virginia were unsuccessful and concluded on April 21, 2015. Barbour did not seek certiorari to the Supreme Court and did not file any habeas corpus action with a state court.

On January 22, 2024, Barbour signed and dated a pleading that he titled "Motion for New Trial," that he submitted to this court. It was construed and docketed as a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Because Barbour had not completed a § 2254 form about his state criminal proceedings and post-conviction filings or offered arguments about why the court should address his claims as timely filed, the court sent him the form, which he completed. The claims he raises in the § 2254 form allege that: (1) trial counsel provided ineffective assistance by arguing that the victim did not know "what fellatio would feel like" instead of hiring an expert who would explain scientific and medical questions, Pet. 5, ECF No. 4; (2) trial counsel provided ineffective assistance by failing to interview and present testimony from Barbour's children present in the home when the crimes occurred; and (3) Detective Hairston perjured himself by testifying that he took notes of Barbour's confession to the crimes, and trial counsel did not investigate this supposed confession that was not authenticated by audio or video evidence.

Habeas petitions filed under § 2254 are subject to a one-year period of limitation. 28 U.S.C. § 2244(d)(1). Generally, this period begins to run from the date on which the judgment of conviction becomes final — when the availability of direct review is exhausted. 28 U.S.C. § 2244(d)(1)(A). If the district court gives the petitioner notice that the motion appears to be untimely and allows an opportunity to provide any argument and evidence regarding timeliness, and the petitioner fails to make the requisite showing, the district court may summarily dismiss the petition. *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002).

I will calculate the timeliness of Barbour's petition using the date when his criminal appeal to the Supreme Court of Virginia was dismissed on April 21, 2015. His conviction became final for purposes of § 2244(d)(1)(A) ninety days later, on July 20, 2015, when his opportunity to petition the United States Supreme Court for certiorari expired. On that same date, his one-year period to file a § 2254 petition began to run. The filing period expired on July 19, 2016. Barbour did not file his § 2254 petition until January 22, 2024, at the earliest, more than seven and a half years after his federal filing period expired. Thus, the petition is untimely under § 2244(d)(1)(A).

The federal filing period is tolled while any properly filed state post-conviction proceeding is pending, pursuant to 28 U.S.C. § 2244(d)(2). But other

than his direct appeals, Barbour did not file any state post-conviction proceedings, such as habeas petitions in the circuit court or the Supreme Court of Virginia.

Barbour also does not state any facts suggesting that he is entitled to statutory tolling of the limitation period under subsections § 2244(d)(1)(B), (C), or (D), to start the one-year filing period later if he raised a claim based on new Supreme Court precedent, elimination of a constitutional impediment, or newly discovered facts. Similarly, he fails to argue or show facts supporting any ground on which he can invoke equitable tolling of the limitation period.

Equitable tolling is available in "those rare instances where — due to circumstances external to the party's own conduct — it would be unconscionable to enforce the limitation against the party." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (internal quotation marks and citation omitted). A petitioner is "entitled to *equitable* tolling" only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005). When the failure to file a timely petition is a result of petitioner's own negligence or lack of diligence, equitable tolling is not appropriate. Barbour offers no evidence of extraordinary circumstances that prevented him from filing a timely § 2254 petition.

Barbour cites the Supreme Court's decision in *Martinez v. Ryan*, 566 U.S. 1 (2012), and appears to suggest that it somehow provides a legal excuse for his

decision to wait so long to seek habeas corpus relief. However, "[t]he decision in *Martinez* fails to provide any basis for avoiding the statute of limitations set forth in 28 U.S.C. § 2244(d)." *Ward v. Clarke*, No. 3:14CV11-HEH, 2014 WL 5795691, at *3 (E.D. Va. Nov. 6, 2014) (citing *Lambrix v. Sec'y, Fla. Dep't Corr.*, 756 F.3d 1246, 1262 (11th Cir. 2014)).

For the reasons stated, I conclude that Barbour's federal habeas claims were not timely filed under § 2244(d)(1)(A). Moreover, Barbour has not stated facts warranting statutory or equitable tolling of the federal habeas filing period. Therefore, I will summarily dismiss his § 2254 petition as untimely.

A separate Final Order will be entered herewith.

DATED: May 3, 2024

/s/ JAMES P. JONES
Senior United States District Judge